UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| ERNEST ADIMORA-NWEKE,<br> *Plaintiff*,<br><br>v.<br><br>PROPERTY ACQUISITION SERVICES, INC.; NORTH FORT BEND WATER AUTHORITY; AT&T; COMCAST; CENTERPOINT ENERGY; MARK HEIDAKER; STEVE BONJONIA; & SEAN PATRICK KENNEDY,<br> *Defendants*. | §<br>§<br>§<br>§<br>§ Civil Action No. 4:22-cv-03155<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ |

## NOTICE OF REMOVAL

Defendant Comcast[1] files this Notice of Removal under 28 U.S.C. §§ 1441 and 1446 of Cause No. 1189868 from the Civil County Court at Law Number 3 of Harris County, Texas (the "State Court") to the United States District Court for the Southern District of Texas, Houston Division. All above named defendants consent to this removal.

### I. BACKGROUND

On August 11, 2022, Plaintiff Ernest Adimora-Nweke, on behalf of his mother, Ngozi Adimora-Nweke,[2] filed a *pro se* petition ("Petition") in the State Court against Comcast, Property Acquisition Services, Inc. ("PAS"), North Fort Bend Water Authority ("NFBWA"), AT&T, CenterPoint Energy ("CenterPoint"), and individuals Mark Heidaker, Steve Bonjonia, and Sean

---

[1] Plaintiff names only "Comcast" in the style of the petition but identifies "Comcast of Houston, LLC" as a defendant in the parties portion of the pleading. Ex. 3 at 1–2.
[2] Comcast intends to assert, via a timely Rule 12(c) motion for judgment on the pleadings, Plaintiff's lack of standing to sue and various other pleading deficiencies.

**COMCAST CORPORATION'S NOTICE OF REMOVAL**                1

Patrick Kennedy alleging, among others, substantive due process violations and violations of 42 U.S.C §§ 1983 and 1985.

The gravamen of Plaintiffs' allegations are that Defendants either illegally obtained or have misused the various utility easements existing on the property owned by Ngozi Adimora-Nweke.[3] For example, Plaintiff alleges a conspiracy under § 1982(5) between Comcast and the Houston Police Department for Comcast's illegal entry on the property despite the alleged lack of a telecommunications easement existing as to the property.[4]

## II.  TIMELINESS OF REMOVAL

Comcast was served with the State Court petition, the initial pleading setting forth the claim for relief upon which removal is based, on August 18, 2022, via traceable mail postmarked August 16, 2022.[5] This Notice of Removal is filed on September 15, 2022. Thus, removal is timely under 28 U.S.C. § 1446(b)(1).

## III.  VENUE

Pursuant to 28 U.S.C. § 1441(a), this is the Court for the district and division embracing the State Court in which this action is pending.

## IV.  CONSENT

Each of the Defendants that have been served with the State Court petition consent to this removal.

## V.  PROCEDURAL REQUIREMENTS

Pursuant to 28 USC §1446(a) and Local Rule 81, the following exhibits are attached:

---

[3] *See generally* Ex. 3.
[4] *Id.* at 10.
[5] Ex. 2.

Exhibit 1:   An index of all documents that identifies each document and indicates the date the document was filed in state court;

Exhibit 2:   All executed process in the case;

Exhibit 3:   Pleadings asserting causes of action and all answers to such pleadings;

Exhibit 4:   The State Court docket sheet; and

Exhibit 5:   A list of all counsel of record, including addresses, telephone numbers, and parties represented.

## VI.   BASIS FOR REMOVAL

The district courts of the United States have original jurisdiction over this action based on the federal questions presented in Plaintiff's Original Petition; namely, the violations of substantive due process and 42 U.S.C. §§ 1981 and 1985.[6]

Original jurisdiction over such matters is conferred upon federal district courts by 28 U.S.C. § 1331, which states that "the district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws or treaties of the United States."[7] A party seeking to remove on the basis of federal question jurisdiction has the burden of demonstrating a federal question exists.[8] A federal question exists "if there appears on the face of the complaint some substantial, disputed question of federal law,"[9] as determined by the allegations of the plaintiff's "well-pleaded complaint" as of the time of removal.[10] An "oblique reference" to "unspecified

---

[6] *See generally* Ex. 3.
[7] 28 U.S.C. § 1331; see also 28 U.S.C. §§ 1441(a), (b); 28 U.S.C. § 1434.
[8] *Gutierrez v. Flores*, 543 F.3d 248, 251 (5th Cir. 2008).
[9] *In re Hot–Hed, Inc.*, 477 F.3d 320, 323 (5th Cir. 2007).
[10] *See, e.g.*, *Medina v. Ramsey Steel Co., Inc.*, 238 F.3d 674, 680 (5th Cir. 2001); *Avitts v. Amoco Production Co.*, 53 F.3d 690, 693 (5th Cir.1995).

federal laws" is insufficient to establish federal jurisdiction,[11] but more a specific invocation of federal statutes, no matter the significance of those claims, support federal jurisdiction.[12] Plaintiff alleges that Defendants' use of their respective easements unreasonably interferes with his mother's property rights in violation of the U.S. Constitution, the Fourteenth Amendment, the right to equal protection and substantive due process, and 42 U.S.C. §§ 1983 and 1985(2).[13] Plaintiff also asserts various state law claims including fraud-in-factum/forgery, violations of Texas Deceptive Trade Practices Act, inverse condemnation, premises liability, slander of title, invasion of privacy, and defamation/false light.[14] However, Plaintiff's state law claims are indistinguishable from his federal claims in that Defendants' alleged interference with Plaintiff's property rights is the true focus of this action.[15]

Accordingly, this Court has both original jurisdiction under 28 U.S.C. § 1331, and supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367. Removal is therefore proper.

## VII.   JURY DEMAND

Plaintiff's Petition requests a jury trial.[16]

## VIII.   RELIEF REQUESTED

Comcast respectfully requests the following relief:

---

[11] *Avitts*, 53 F.3d at 693.
[12] *French v. EMC Mortg. Corp.*, 566 F. App'x 285, 286–87 (5th Cir. 2014) ("two references" in complaint to the Fair Debt Collection Act was sufficient to invoke federal jurisdiction).
[13] *Simi Inv. Co. v. Harris County, Tex.*, 236 F.3d 240, 248 n. 12 (5th Cir.2000) (finding federal jurisdiction where plaintiff's substantive due process claims were based on an alleged interference with his property rights).
[14] *See* Ex. 3.
[15] *Huntsman Corp. v. Int'l Risk Ins. Co.*, No. CIV.A. H-08-1542, 2008 WL 4453170, at *23 (S.D. Tex. Sept. 26, 2008) (holding state law did not predominate federal claims).
[16] Ex. 3 at 3.

(a) that the Court accept this Notice of Removal, exercise its original jurisdiction over the existing federal questions and its supplemental jurisdiction over any state-law claims, make such orders, if any, and take such action, if any, as may be necessary in connection with the removal of the State Court Action to this Court; and

(b) that the Court grant Comcast such other and further relief, both general and special, at law and in equity, to which it may show itself justly entitled.

Dated: September 15, 2022

Respectfully submitted,

By: */s/ Frederick W. Addison, III*
Frederick W. Addison, III
State Bar No. 00903350
Jordan R. Curry
State Bar No. 24116242
MUNSCH HARDT KOPF & HARR, P.C.
500 North Akard Street, Suite 3800
Dallas, Texas 75201-6659
(214)855-7500 (Telephone)
(214)855-7584 (Facsimile)
Email: raddison@munsch.com
Email: jcurry@munsch.com

**ATTORNEYS FOR COMCAST**

## CERTIFICATE OF SERVICE

   This is to certify that on September 15, 2022, a true and correct copy of the foregoing has been served on all counsel of record as follows:

Ernest C. Adimora-Nweke, Jr.
3050 Post Oak Blvd., Suite 510
Houston, TX 77056
Via email: ernest@adimoralaw.com
*Pro Se Plaintiff; Purported Attorney-in-Fact and Legal Counsel*
*For Ngozi Adimora-Nweke; and Purported Attorney-in-Fact*
*for undefined past, present and future owners of property located*
*at 6826 Caddo Lake Lane, Houston, Texas 77083*

Scott Davis
HICKS DAVIS WYNN P.C.
3555 Timmons Lane
Ste. 1000
Houston, Texas 77027
Tel: 713-589-2240
Via email: sdavis@hdwlegal.com
*Counsel for CenterPoint*

Derrick Reed
STEPHENS REED & ARMSTRONG, PLLC
2626 South Loop W
Ste. 522
Houston, Texas 77054
Via email: derrick@srapllc.com
*Counsel for AT&T*

Britton Harris
HARRIS HILBURN, L.L.P.
1111 Rosalie St.
Houston, Texas 77004
Tel: (713-223-3936
Via email: bharris@hhstxlaw.com
*Counsel for North Fort Bend Water Authority*

John H. McFarland
Jason E. Beesinger
JOYCE + MCFARLAND LLP
712 Main Street, Ste. 1500
Houston, Texas 77002
Tel: (713) 222-1112
Via email: jmcfarland@jmlawyers.com
     jbeesinger@jmlawyers.com
*Counsel for Property Acquisition Services, Inc.,*
*Mark Heidaker, Steve Bonjonia, and Sean Patrick Kennedy*

                */s/ Frederick W. Addison, III*
                Frederick W. Addison, III

## CERTIFICATE OF CONFERENCE

On September 7, 2022, counsel for Comcast conferred via Zoom with counsel for CenterPoint, AT&T, and NFBWA. These defendants consent to removal. On September 12, 2022, counsel for Comcast conferred via email with counsel for PAS and the Individual Defendants. These defendants also consent to removal.

*/s/ Frederick W. Addison, III*
Frederick W. Addison, III