United States District Court
Southern District of Texas
**ENTERED**
April 20, 2023
Nathan Ochsner, Clerk

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | | |
|---|---|---|
| Ernest Adimora-Nweke, | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | Civil Action H-22-3155 |
| | § | |
| CenterPoint Energy, Inc., | § | |
| AT&T Servs., Inc., North Fort Bend | § | |
| Water Authority, Property Acquisition | § | |
| Servs., Inc., Mark Heidaker, Steve | § | |
| Bonjonia, Sean Patrick Kennedy, | § | |
| Comcast, Southwestern Bell | § | |
| Telephone Co., CenterPoint Houston | § | |
| Electric, LLC, Comcast Holdings | § | |
| Corp., City of Houston, CenterPoint | § | |
| Energy Houston Electric, LLC, | § | |
| and Houston Police Department | § | |
| *Defendants.* | § | |

## MEMORANDUM AND RECOMMENDATION

Pending before the court are numerous motions.[1] This case has been referred to the undersigned magistrate judge pursuant to 28 U.S.C. § 636(b)(1). The court recommends that Plaintiff's federal claims be dismissed and that the remaining state law claims be remanded to state court.

---

[1] Plaintiff filed a Motion to Remand with several supplements. ECF Nos. 14, 15, 17, 18, 19. All Defendants have moved to dismiss the case. ECF Nos. 45, 47, 48, 49, 51, 52. Plaintiff has also filed a Motion to Disqualify and Transfer, ECF No. 59; Motions for Leave to Clarify and Notice on Scheduling Order, ECF Nos. 56, 58; a Motion for Leave to File Supplement, ECF No. 60; and a Motion for Leave to File Notice and Notice on Motion to Transfer. ECF No. 61.

## *1. Background*

Plaintiff filed this lawsuit in the Civil County Court at Law Number 3 in Harris County, Texas, on August 11, 2022. ECF No. 1-6. On September 15, 2022, Comcast removed the case based on federal question jurisdiction. ECF No. 1 at 3–4.

In his Third Amended Complaint, ECF No. 41, the operative pleading in this case, Plaintiff alleges that his parents, Ngozi Adimora-Nweke and Ernest A. Nweke (Owners), are the sole owners of a home located at 6826 Caddo Lake Lane in Houston, Texas (the Property). *Id.* at 1. Owners purchased the Property on July 23, 1993. *Id.* at 5. A survey performed at the time of the purchase noted an eighty-foot easement. *Id.* at 6. The survey did not show any telephone poles or underground electric boxes on the Property. *Id.* Plaintiff alleges that Defendants CenterPoint, Comcast, and AT&T illegally accessed the Property, installed various equipment on the Property, and continue to operate their equipment on the Property. *Id.* at 8, 11, 20. Plaintiff alleges that Defendants North Fort Bend Water Authority (NFBWA), Property Acquisition Services (PAS), Sean Patrick Kennedy, and Steve Bonjonia defrauded Plaintiff's mother by having her sign documents allowing Defendants to access the property. *Id.* at 14–15, 22–25. Plaintiff alleges that the City of Houston and the Houston Police Department participated with the other Defendants in their illegal conduct by attempting to force their way onto the property. *Id.* at 10.

Plaintiff alleges federal and state causes of action on his own behalf and purportedly on behalf of Owners and the Property's past and future owners, residents, invitees, and beneficiaries. ECF No. 41 at 1. Against CenterPoint, AT&T, and Comcast, Plaintiff alleges federal claims under 42 U.S.C. §§ 1983, 1985(2), and 1986. *Id.* at 18–21. He also

alleges claims under state law for inverse condemnation,[2] fraud, violations of the Deceptive Trade Practices Act, premises liability, slander of title, an action to quiet title, invasion of privacy, and violations of the Texas Property Code. *Id.* at 18–21. Against NFBWA, PAS, and their employees, in addition to the federal and state causes of action listed above, Plaintiff alleges claims under state law for fraud by forgery and defamation/false light. *Id.* at 21–29. It is unclear what causes of action Plaintiff is asserting against the City of Houston and the Houston Police Department, but the court broadly reads Plaintiff's complaint to allege the deprivation of a constitutional right under 42 U.S.C. § 1983.

Plaintiff seeks $1,000,000,000 in damages as well as various forms of injunctive relief. ECF No. 41. All Defendants that have been served have filed motions to dismiss for lack of Article III standing and failure to state a claim upon which relief may be granted. ECF No. 45 at 1; ECF No. 47 at 1; ECF No. 48 at 6; ECF No. 49 at 3–4; ECF No. 51 at 3–6, 13–15; ECF No. 52 at 4–5.

## 2. *Discussion*

The court first addresses its subject matter jurisdiction over this case. This case was removed to federal court on the basis of federal question jurisdiction only—not diversity jurisdiction. ECF No. 1 at 3–4. This matter was removed to federal court based on Plaintiff's federal claims. *Id.* at 3; ECF No. 41 at 18, 21. Plaintiff alleges federal claims on his own behalf and on behalf of others. A central question is whether Plaintiff has standing to bring these claims under Article III of the Constitution. All Defendants have raised this issue. ECF No. 45 at 1;

---

[2] The Third Amended Complaint is not clear about whether Plaintiff intended to raise a federal takings claim or state inverse condemnation claim. *See* ECF No. 41 at 3, 18, 21. The court notes that inverse condemnation claims do not arise under federal law. *See DM Arbor Ct., Ltd. v. City of Houston*, Civil Action H-18-1884, 2021 WL 4926015, at 24 (S.D. Tex. Oct. 21, 2021) ("Inverse condemnation is a state cause of action that mimics, in some respects, a federal takings claim but enjoys no independent footing in federal law."). To the extent that Plaintiff sought to bring a federal takings claim on his own behalf, the court addresses the § 1983 claims below.

ECF No. 47 at 1; ECF No. 48 at 6; ECF No. 49 at 3–4; ECF No. 51 at 3–6, 13–15; ECF No. 52 at 4–5.

Federal courts have federal question jurisdiction over all civil actions "arising under the Constitution, laws or treaties of the United States." 28 U.S.C. § 1331. In cases removed under section 1331, federal courts may also have supplemental jurisdiction over state law claims "that are so related to claims in the action . . . that they form part of the same case or controversy." 28 U.S.C. § 1367. The court applies the "well-pleaded complaint" rule. That is, "[a] federal question exists only [in] those cases in which a well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Singh v. Duane Morris LLP*, 538 F.3d 334, 337–38 (5th Cir. 2008) (citation and internal quotation marks omitted).

Federal courts' subject matter jurisdiction extends "only to 'Cases' and 'Controversies.'" *Spokeo, Inc. v. Robins*, 578 U.S. 330, 337 (2016) (quoting U.S. Const. art. III, § 2). Constitutional "[s]tanding to sue is a doctrine rooted in the traditional understanding of a case or controversy" and is an "essential component[] of federal subject matter jurisdiction [that] can be raised at any time by either party or the court." *Id.* at 338; *McCall v. Dretke*, 390 F.3d 358, 361 (5th Cir. 2004). The elements of constitutional standing are that the plaintiff: "(1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision." *Spokeo, Inc.*, 578 U.S. at 338. To establish an injury in fact, the plaintiff must have suffered "'an invasion of a legally protected interest' that is 'concrete and *particularized*' and 'actual or imminent, not conjectural or hypothetical.'" *Id.* at 339 (emphasis added) (quoting *Lujan*, 504 U.S. at 560). A particularized injury is one that affects the plaintiff "in a personal and individual way." *Id.* "[S]tanding in no way depends on the merits of the plaintiff's contention that particular conduct is illegal." *Warth v. Seldin*, 422 U.S. 490, 500 (1975) (citing *Flast v. Cohen*, 392 U.S.

83, 99 (1968)). Rather, it often "turns on the nature and source of the claim asserted." *Id*.

As mentioned, Plaintiff seeks to bring federal claims on behalf of Owners, who are his parents, and others. The court understands this to mean that Plaintiff is seeking damages suffered by these other individuals. Plaintiff has not pleaded any injuries personal to him that can be traced to the challenged conduct of Defendants against the Owners and others.

Early in the case, Plaintiff sought to appear pro hac vice. In its November 3, 2022 Order, the court denied that request and explained that "[Plaintiff], a licensed lawyer, is not admitted to practice in the Southern District of Texas. . . . As a result, he may not, and does not, represent anyone other than himself." ECF No. 39. In his response to the motions to dismiss, Plaintiff now asserts that the claims of others have been assigned to him. ECF No. 54 at 6–9. In support of that argument, he cites this language from his mother's affidavit: "[Plaintiff] is my counsel and attorney-in-fact on all claims and legal matters resulting on or from the subject property." ECF No. 41 at 35. The court does not read this language to be an assignment of claims. Rather, it is authorization for Plaintiff to act on his mother's behalf. The claims were not assigned. Nor are Owners or anyone other than Plaintiff parties to this case. Ernest Adimora-Nweke is the only person to have signed the pleadings in this case, and he is the only person listed as a plaintiff in the complaint and its amendments. ECF Nos. 16, 20, 38, 41; *cf.* Fed. R. Civ. P. 10(a) ("The title of the complaint must name all the parties."); Fed. R. Civ. P. 11 ("Every pleading . . . must be signed . . . by a party personally if the party is unrepresented."). The court even explained this in its order and stated that "Ngozi Adimora-Nweke . . . is not a named plaintiff in this lawsuit. Nor are any of the other entities Plaintiff seeks to represent." ECF No. 39. For the above reasons, Plaintiff lacks standing to bring claims on behalf of others in this case. His 42 U.S.C. §§ 1983, 1985, and

1986 claims not brought in his personal capacity should be dismissed for lack of standing.

The question then becomes whether the federal claims for which Plaintiff lacks standing under federal law should be remanded to state court or dismissed without prejudice. When the court determines it lacks subject matter jurisdiction over a claim in a removed case, that claim should generally be remanded to state court. 28 U.S.C. §§ 1441(c)(2); 1447(c). However, an exception to the remand requirement exists in cases where it is "sufficiently certain" that the plaintiff would also lack standing in state court. *See Int'l Primate Prot. League v. Adm'rs of Tulane Educ. Fund*, 500 U.S. 72, 88–89 (1991). "Texas standing requirements parallel the federal test for Article III standing. . . . [In *Lujan*,] [t]he United States Supreme Court . . . articulated the three elements of standing, which have been adopted by this Court[.]" *In re Abbott*, 601 S.W.3d 802, 807–08 (Tex. 2020) (internal citations omitted). Thus, if a plaintiff lacks standing in federal court, he will also lack standing in Texas state courts. Accordingly, the federal claims under 42 U.S.C. §§ 1983, 1985, and 1986 that are brought on behalf of third parties should be dismissed without prejudice.

The court next addresses those federal claims that Plaintiff brings on his own behalf. The court analyzes those claims under Federal Rule of Civil Procedure 12(b)(6). Rule 12(b)(6) authorizes the court to dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). To survive a motion to dismiss, the plaintiff must have pleaded "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Calogero v. Shows, Cali & Walsh, L.L.P.*, 970 F.3d 576, 580 (5th Cir. 2020) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). "Factual allegations must be enough to raise a right to relief above the speculative level." *Allen v. Walmart*

*Stores, L.L.C.*, 907 F.3d 170, 177 (5th Cir. 2018) (quoting *Twombly*, 550 U.S. at 555). Although Plaintiff is a licensed lawyer, he is not admitted to practice in this district and is appearing pro se. The court liberally construes pro se pleadings. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

Claims under 42 U.S.C. § 1983 are generally made against government entities, as the violation of any federal right must have been done under color of state law. *Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 49–50 (1999). 42 U.S.C. § 1983 excludes from its reach "merely private conduct, no matter how discriminatory or wrongful." *Id.* (quoting *Blum v. Yaretsky*, 457 U.S. 991, 1002 (1982)). However, a private party may be considered a state actor in rare circumstances, such as when the plaintiff can show that: (1) the private actor was implementing an official government policy, or (2) the private actor's actions are fairly attributable to the government. *See Rundus v. City of Dall., Tex.*, 634 F.3d 309, 312 (5th Cir. 2011) (citing *Monell v. Dept. of Soc. Servs.*, 436 U.S. 658, 691 (1978); *Lugar v. Edmondson Oil*, 457 U.S. 922, 937 (1982)).

To state a claim under 42 U.S.C. § 1983 against a municipality, a plaintiff must allege facts "show[ing] that (1) an official policy (2) promulgated by the [government] policymaker (3) was the moving force behind the violation of a constitutional right." *Peña v. City of Rio Grande City*, 879 F.3d 613, 621 (5th Cir. 2018) (quoting *Hicks-Fields v. Harris Cnty., Tex.*, 860 F.3d 803, 808 (5th Cir. 2017)). "To proceed beyond the pleading stage, a complaint's 'description of a policy or custom and its relationship to the underlying constitutional violation . . . cannot be conclusory; it must contain specific facts.'" *Peña*, 879 F.3d at 622 (quoting *Spiller v. City of Tex. City, Police Dep't*, 130 F.3d 162, 167 (5th Cir. 1997)).

Here, Plaintiff sues several private entities under 42 U.S.C. § 1983. As discussed, private entities cannot be held liable under 42 U.S.C. § 1983 except in rare circumstances, which Plaintiff has not pleaded. The 42 U.S.C. § 1983 claims against the private entities should be dismissed. With respect to the section 1983 claims against the City of

Houston and the FBCWA, Plaintiff does not describe any official government policy that was the moving force behind any constitutional violation. Plaintiff's allegations are entirely conclusory. At best, he identifies allegedly bad acts on the part of municipal employees, but not any kind of policy pursuant to which the municipality itself may be held liable. Plaintiff's section 1983 claims should be dismissed in their entirety with prejudice for failure to state a claim under Rule 12(b)(6).

Claims under 42 U.S.C. §§ 1985(2) and 1986 relate, in part, to conspiracies for the purpose of "impeding, hindering, obstructing, or defeating, in any manner, the due course of justice in any State or Territory, with intent to deny any citizen the equal protection of the laws." 42 U.S.C. § 1985(2); *see also* 42 U.S.C. § 1986.

Plaintiff states that various defendants:

> sought to, agreed, and acted in furtherance of their illegal agreement for the purpose of impeding, hindering, obstructing, or defeating, in any manner, the due course of justice in Texas, with intent to deny to Plaintiffs and homeowners the equal protection of the laws, or to injure them or their property for lawfully enforcing, or attempting to enforce, their rights[—]including right to civil and criminal redress of harm caused them[—]and that of others subjected to the property and the wrongful illegal actions, to the equal protection of the laws.

ECF No. 41 at 19. Plaintiff's mere recitation of the elements of a 42 U.S.C. § 1985 claim is insufficient for the court to reasonably infer that the defendants are liable for the misconduct alleged. Because Plaintiff's 42 U.S.C. § 1985 claim fails, so too must his 42 U.S.C. § 1986 claim which relies on the misconduct described in 42 U.S.C. § 1985. The court recommends that these claims be dismissed with prejudice for failure to state a claim.

Having dismissed all federal claims over which the court has original jurisdiction, the court turns to Plaintiff's remaining state law claims. A federal court may ordinarily exercise supplemental jurisdiction

over claims that "are so related to the original claims that they . . . 'derive from a common nucleus of operative fact.'" *Mendoza v. Murphy*, 532 F.3d 342, 346 (5th Cir. 2008) (quoting *United Mine Workers of America v. Gibbs*, 383 U.S. 715, 725 (1966)). However, if the court dismisses all claims for which it has original jurisdiction, the court may decline to exercise supplemental jurisdiction over any remaining claims. 28 U.S.C. § 1367(c)(3). The "general rule is that a court should decline to exercise jurisdiction over remaining state law claims when all federal law claims are eliminated before trial, but this rule is neither mandatory nor absolute." *The Lamar Co., L.L.C. v. Miss. Transp. Comm'n*, 976 F.3d 524, 528 (5th Cir. 2020) (quoting *Brookshire Bros. Holding, Inc. v. Dayco Prods., Inc.*, 554 F.3d 595, 602 (5th Cir. 2009)). "District courts enjoy wide discretion in determining whether to retain supplemental jurisdiction over a state claim once all federal claims are dismissed." *Heggemeier v. Caldwell Cnty., Tex.*, 826 F.3d 861, 872 (5th Cir. 2016) (quoting *Noble v. White*, 996 F.2d 797, 799 (5th Cir. 1993)). Courts should consider the factors set forth in 28 U.S.C. § 1367 and "the common law factors of judicial economy, convenience, fairness, and comity." *Brookshire Bros. Holding, Inc.*, 554 F.3d at 601–02.

The court declines to exercise supplemental jurisdiction over any remaining state law claims, as is the general rule. 28 U.S.C. § 1367(c)(3); *The Lamar Co.*, 976 F.3d at 528. The court has also considered the common law factors which, overall, favor declining to exercise supplemental jurisdiction. For example, judicial economy and convenience favor declining supplemental jurisdiction because the plaintiff chose to bring his claims in state court and this lawsuit is still in its early stages. No discovery has taken place. The state law claims for inverse condemnation, fraud, premises liability, slander of title, quiet title, invasion of privacy, violations of the Texas Property Code, fraud by forgery and defamation/false light should thus be remanded to the state court in which they were initially brought.

The court declines to offer Plaintiff a further opportunity to amend his complaint. He has amended three times now. He has argued that his complaint is sufficient and has not requested leave to amend. The court concludes that the Plaintiff either cannot or will not amend to overcome the inadequacies identified above. Further amendment would be futile. *See Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 329 (5th Cir. 2002); *see also Ayers v. Johnson*, 247 F. App'x 534, 535 (5th Cir. 2007) ("[A] district court acts within its discretion when dismissing a motion to amend that is frivolous or futile.").

### 3. *Conclusion*

The court recommends that Defendants' motions to dismiss, ECF Nos. 45, 47, 48, 49, 51, 52, be **GRANTED IN PART**. The federal claims brought on behalf of third parties should be **DISMISSED WITHOUT PREJUDICE,** and the federal claims brought on Plaintiff's behalf should be **DISMISSED WITH PREJUDICE**. Plaintiff's Motion to Remand and its supplements, ECF Nos. 14, 15, 17, 18, 19, should be **GRANTED IN PART** as to the state claims only.

Plaintiff's Motion to Disqualify and Transfer, ECF No. 59, and Motion for Leave to File Notice and Notice on Motion to Transfer, ECF No. 61, are **DENIED as MOOT.** Plaintiff's Motions for Leave to Clarify and Notice on Scheduling Order, ECF Nos. 56, 58, and Motion for Leave to File Supplement, ECF No. 60, are **GRANTED IN PART** as to the requests for leave to clarify and supplement but are otherwise **DENIED;** the court has considered all of the filings in this case.

The parties have fourteen days from service of this Memorandum and Recommendation to file written objections. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72. Failure to timely file objections will preclude appellate review of factual findings or legal conclusions, except for plain error. *See Thomas v. Arn*, 474 U.S. 140, 147–49 (1985); *Rodriguez v. Bowen*, 857 F.2d 275, 276–77 (5th Cir. 1988).

Signed at Houston, Texas on April 20, 2023.

Peter Bray
United States Magistrate Judge