United States District Court
Southern District of Texas
**ENTERED**
May 08, 2023
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| **ERNEST ADIMORA-NWEKE,** § § § § § § § § § § § § § § § § § § § § § § § **Plaintiff,** VS. **CENTERPOINT ENERGY, INC., AT&T SERVICES, INC., NORTH FORT BEND WATER AUTHORITY, PROPERTY ACQUISITION SERVICES, INC., MARK HEIDAKER, STEVE BONJONIA, SEAN PATRICK KENNEDY, COMCAST, SOUTHWESTERN BELL TELEPHONE COMPANY D/B/A AT&T TEXAS, CENTERPOINT HOUSTON ELECTRIC, LLC, COMCAST HOLDINGS CORPORATION, CITY OF HOUSTON, CENTERPOINT ENERGY HOUSTON ELECTRIC, LLC and HOUSTON POLICE DEPARTMENT,** **Defendants.** | Civil Case No. 4:22-CV-03155 |

## ORDER ACCEPTING FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE

Pending before the Court is the April 20, 2023 Memorandum and Recommendation ("M&R") prepared by Magistrate Judge Peter Bray. (Dkt. No. 62). Judge Bray made findings and conclusions and recommended that Plaintiff's federal claims be dismissed with prejudice, that any federal claims brought by Plaintiff on behalf of non-parties be dismissed without prejudice, and that the case be remanded to state court for disposition of the remaining state law claims. (Dkt. No. 62). Judge Bray denied as moot Plaintiff's Motion to Disqualify and Transfer, (Dkt. No. 59), and Plaintiff's Motion

for Leave to File Notice and Notice on Motion to Transfer, (Dkt. No. 61). Judge Bray granted in part Plaintiff's Motions for Leave to Clarify and Notice on Scheduling Order, (Dkt. Nos. 56, 58), and Plaintiffs Motion for Leave to File Supplement, (Dkt. 60).

The Parties were provided proper notice and the opportunity to object to the M&R. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). On April 25, 2023, Plaintiff filed objections. (Dkt. No. 63). Plaintiff argues, among other things, that Magistrate Judge Bray lacked jurisdiction to enter the M&R, that Judge Hughes improperly referred the case to Magistrate Judge Bray, and that Magistrate Judge Bray denied Plaintiff due process. *Id.*

In accordance with 28 U.S.C. § 636(b)(1)(C), the Court is required to "make a de novo determination of those portions of the [magistrate judge's] report or specified proposed findings or recommendations to which objection [has been] made." After conducting this de novo review, the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." *Id.*; *see also* Fed. R. Civ. P. 72(b)(3).

The Court has carefully considered de novo those portions of the M&R to which objection was made, and reviewed the remaining proposed findings, conclusions, and recommendations for plain error. Finding no error, the Court accepts the M&R and adopts it as the opinion of the Court. It is therefore ordered that:

(1) Judge Bray's M&R (Dkt. No. 62) is **ACCEPTED** and **ADOPTED** in its entirety as the holding of the Court;

(2) Plaintiff's federal claims are **DISMISSED with PREJUDICE**;

(3) The federal claims brought on behalf of non-parties are **DISMISSED without PREJUDICE**;

(4)     This case is **REMANDED** to Harris County Civil County Court at Law Number 3 for disposition of the remaining state law claims.

It is SO ORDERED.

Signed on May 5, 2023.

                                          _____
                                              **DREW B. TIPTON**
                                    **UNITED STATES DISTRICT JUDGE**